## SUPREME COURT.

### HAGER AND WIFE agt. DANFORTH.

Where a defendant makes a case, and notices it for argument at a special term held in a county adjoining that in which the cause was tried, but in a different judicial district, and the plaintiff's attorney attends in pursuance of the notice, and objects that the cause ought to be heard in the same judicial district in which it was tried, and, on the suggestion of the judge, the parties agreed to submit the cause, on written arguments, to the judge who tried it, and in the stipulation entered into, it was provided, that ten dollars costs of defendant for noticing the cause and placing it on the calendar, at the said special term, should abide the event of the suit, *Held*, that the plaintiff, having finally succeeded in the action, was entitled to charge *ten dollars* costs of attending said special term.

The plaintiff is entitled to charge a trial fee of *fifteen dollars,* for arguing a motion for new trial at special term, on a case made by the defendant.

It is not necessary, under section 311 of the Code, to set forth in the bill of costs the *particular items* of witnesses' fees, and of postage. It is sufficient to state them severally in gross, and to set forth in the affidavits presented and filed on taxation, the particular items of each expenditure.

*Schoharie Circuit, November*, 1853. This was an action for assault and battery, in which the plaintiff recovered damages at the Schoharie circuit. The defendant made a case, and after the same had been settled, noticed it for argument at the Delaware circuit. The counsel for plaintiff appeared at the Delaware circuit, but with the objection that the cause ought to be argued in the district in which it was tried. The presiding judge, without sustaining the objection, recommended that the cause should be submitted on written arguments, to Justice WRIGHT, before whom it was tried, and the counsel on both sides entered into a written stipulation accordingly. In the

Hager and Wife agt. Danforth.

stipulation signed by the defendant's attorney was the following clause: " Ten dollars costs of defendant in noticing said cause, and placing the same on the calendar at the present Delaware circuit, to abide the final event." The cause was submitted on written arguments, to Justice WRIGHT, who denied a new trial, and judgment was entered for the plaintiff.

A copy of the bill of costs was duly served, with notice of the adjustment. On the adjustment the defendant objected to the allowance of a charge of $10, for attending at the Delaware circuit, and $15 trial fee, on motion for new trial, and also objected that the items for the attendance and travel of each witness, and for postages, were not particularly stated in the bill of costs. Such items were particularly stated in the affidavit of disbursements before the clerk, but the witnesses' fees and postages were severally stated in gross in the bill of costs. The clerk overruled the objections and allowed the charges, and the defendant moved for a re-adjustment.

W. WELLS, *for Plaintiff.*

A. BECKER, *for Defendant.*

PARKER, Justice.—I think the charge of ten dollars for the Delaware special term was properly allowed. That charge is ` allowable " when the cause is necessarily on the calendar, and is not reached or postponed." The defendant's attorney having noticed the cause, and put it on the calendar, cannot say it was not " necessarily " there. The cause was " reached " and was not " postponed," in the sense contemplated by the statute, but was submitted to Justice WRIGHT, on the suggestion of the judge, and by consent of the parties. The stipulation provided that ten dollars costs of defendant for noticing the cause and placing it on the calendar of the Delaware circuit, should abide the event of the suit, and it is at least equally fair and legal, that the plaintiff, who was compelled to attend there, on the defendant's notice, should be entitled to the same charge.

The clerk was also right in allowing the charge of fifteen dollars trial fee, for arguing the cause before Justice WRIGHT.

Hager and Wife agt. Danforth.

It was so decided, and I think correctly, in Ellsworth agt: Gooding, (8 *How. Pr. R.* 1;) and Van Schaick agt. Winne, (*id.* 5.)

The remaining question is, whether it was necessary to state, in the bill of costs, the items of witnesses' fees and of postage, or whether it was sufficient to state them in gross in the bill, and to set them forth particularly in the affidavit presented on taxation. The counsel for defendant, relying on the former practice in Chancery, cites Rogers agt. Rogers, (2 *Paige R.* 459,) where, in the syllabus of the case it is said, that each item of disbursements must be particularly specified in the bill of costs. But on reference to the opinion of the Chancellor, at page 468, it will be seen that the decision was, that " every item for postage, or other disbursements, should be stated particularly in the bill of costs *or in the affidavit;*" and this was required in accordance with 2 *R. S.* 653, § 7, which provided, that disbursements should not be allowed without an affidavit specifying the items thereof particularly. And in the case cited at page 469, the propriety of obviating the objection, when made before the taxing officer, by furnishing on the spot, a more particular affidavit, is recognized. The general practice, however, was to state the items of disbursements, and particularly of postage, in the bill of costs, because it was more convenient to do so.

But the present practice is controlled entirely by the Code, (section 311,) which provides that " the disbursements shall be stated in detail, and verified by affidavit which shall be filed." This requirement is satisfied by inserting the items in detail in the affidavit. The Code does not require that the items should be inserted in the bill of costs. Its object is fully attained by placing on file the affidavit in which the items of disbursements are set forth.

There was no error, therefore, in the adjustment by the clerk, and the motion must be denied, without costs.